UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

WILLIAM W. BLEVINS
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

October 29, 2018

RECEIVED

NOV - 1 2018

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

Mr. Lyle W. Cayce
Clerk of Court
United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130-3408

Re:    Jonathan B. Andry, LA Bar No. 20081, EDLA Misc. No. 15-2478
       Lionel Howard Sutton, III, LA Bar No. 20386, EDLA Misc. No. 15-2477

No pending cases

19-mc-123-UNA

Dear Mr. Cayce:

        Pursuant to the Rules of Disciplinary Enforcement of the Eastern District of Louisiana, I am
forwarding to you herewith a copy of the order imposing discipline on the above named attorney(s).

Sincerely,

William W. Blevins

WWB/daf

Enclosure

cc:    Mr. Michael McConnell
       Mr. Charles B. Plattsmier
       Mr. Tony Moore
       Ms. Sheila Booth

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF | MISCELLANEOUS |
| **LIONEL HOWARD SUTTON, III** | NO. 15-2477 |
| **JONATHAN B. ANDRY** | NO. 15-2478 |

### ORDER

These two related disciplinary matters arise out of MDL 2179, specifically from the Deepwater Horizon Court Supervised Settlement Program. On July 2, 2013, Judge Barbier, the presiding MDL judge, appointed Louis J. Freeh as a Special Master, pursuant to Rule 53 Federal Rules of Civil Procedure and the inherent authority of the Court, to perform an independent investigation into allegations of misconduct within the Court Supervised Settlement Program ("CSSP"). Mr. Freeh was given several mandates, the relevant ones being: (1) perform an independent external investigation into the facts and circumstances that led to the resignation of Lionel H. Sutton III, a former staff attorney employed by the CSSP; (2) conduct fact-finding as to any other possible ethical violations or misconduct within the CSSP.

Special Master Freeh completed his investigation as it pertains to these mandates and, on September 6, 2013, submitted his initial report to Judge Barbier. The report was filed into the public record of MDL 2179. (Rec. Doc. 11287)

Upon receipt of the Special Master's report, Judge Barbier ordered, *inter alia*, that Lionel Sutton and Jonathan Andry show cause why the Court should not adopt the findings and recommendations of Special Master Freeh to sanction and disqualify these attorneys.

Sutton and Andry were ordered to file their responses, or any objection or motion, with supporting memorandum, within 14 days. At their request this deadline was extended several times. Judge Barbier conducted an evidentiary hearing on November 7, 2014. At this hearing, the

Court heard sworn testimony and also received additional evidence submitted by the parties. Sutton testified on his own behalf and essentially admitted to most of the allegations against him, including making several false statements during the course of the investigation. Notably, Andry was offered the opportunity to testify in his own behalf, but declined to do so.

At the conclusion of the evidentiary hearing, Judge Barbier gave oral reasons[1] on the record and found clear and convincing evidence of the following misconduct:

Lionel Sutton, who was an attorney working in the Court Supervised Settlement Program ("CSSP"), violated the CSSP code of conduct and several canons of ethics, including (a) failing to disclose obvious conflicts of interest; (b) making several false statements during the investigation, including false statements to the Claims Administrator and to the CSSP's in-house fraud investigator; (c) failing to disclose his financial interest in two claims pending before the CSSP; (d) failing to disclose his business relationship with Glen Lerner;[2] (e) failing to disclose his partial ownership of a company with a significant claim in the CSSP; (f) requesting and receiving approximately $40,000 in referral fees from the AndryLerner law firm in connection with the Casey Thonn claims; and (g) employing deceptive and circuitous methods in an attempt to hide the true nature and source of the referral fees.

Jonathan Andry, an attorney and partner in the AndryLerner law firm, violated the canons of ethics in several respects. Andry knew it was improper to pay a referral fee to Lionel Sutton while Sutton was employed as an attorney in the CSSP. While attempting to wash his hands of the matter, Andry in fact aided and facilitated the payment of the improper referral fees to Sutton by routing the money to his law partner Glen Lerner's office in Las Vegas, knowing full well that

---

[1] MDL 2179, Rec.Doc. 13675, pages 241-264.
[2] Glen Lerner is an attorney in Las Vegas and was a member of AndryLerner, a partnership or joint venture with Jonathan Andry formed for the sole purpose of handling claims in the CSSP. AndryLerner was counsel of record for several hundred claimants.

2

Lerner would use this money to pay Sutton. Still more troubling is Andry's conduct and false statements during the investigation. When initially questioned by Michael Juneau of the Claims Administrator's staff, Andry flatly denied knowledge of any payments to Lionel Sutton. Later, when questioned under oath by the Special Master on July 30, 2013, Andry made several statements that were false or misleading. Specifically, Andry denied that Sutton had any interest in AndryLerner's cases. Andry stated to the Special Master, "I never had any idea about payments to Sutton until recently," and he claimed that he did not know anything about the fees being paid to Sutton "until all this broke out publicly." Based on the emails and other evidence submitted, these statements were obviously false, as Andry knew that Lerner intended to pay Sutton with the same monies that Andry sent to Lerner in Las Vegas.

Judge Barbier concluded the misconduct caused actual harm to the integrity of the Court Supervised Settlement Program and to the integrity of the legal system. The Court took judicial notice that the investigation caused claims to be delayed, and there was a tremendous amount of adverse publicity and unwarranted criticism of the CSSP and its Claims Administrator.[3]

Our *En Banc* Court has adopted and applies the Louisiana Rules of Professional Conduct. As more fully explained in his oral reasons stated in open court at the conclusion of the evidentiary hearing,[4] Judge Barbier found that Sutton and Andry violated Rule 1.5(e) regarding the division of fees between lawyers who are not in the same firm. Likewise, Sutton and Andry violated Rule 3.3 by making false statements during the course of the Special Master's investigation. Sutton and Andry violated Rule 8.4(c) by engaging in conduct involving dishonesty, deceit and misrepresentation, and Rule 8.4(a) by assisting each other in violating the Rules of Professional

---

[3] MDL 2179, Rec. Doc. 13675, page261.
[4] MDL 2179, Rec.Doc. 13675, pages 241-264.

Case 2:15-mc-02477-DJ *SEALED*   Document 12   Filed 10/24/18   Page 4 of 7

Conduct. Each of these attorneys engaged in conduct that caused damage to the integrity of the CSSP and was prejudicial to the administration of justice, a violation of Rule 8.4(d).

On February 26, 2015, Judge Barbier issued an Order imposing certain sanctions.[5] Case-specific sanctions imposed on Andry included disqualifying him from any further participation or representation in the Court Supervised Settlement Program. He was required to withdraw from any ongoing representation, although he was allowed to receive legal fees for work previously performed on legitimate claims. In addition, AndryLerner was ordered to disgorge its contingent attorney fee from the Casey Thonn matter. It was determined that Mr. Thonn had submitted false tax returns in support of his claims, and he was subsequently indicted and convicted of filing a fraudulent claim. There was no evidence that AndryLerner was a party to the fraudulent conduct.

With regard to Mr. Sutton, he resigned from his position with the CSSP after being confronted by the Claims Administrator and the in-house fraud investigator. He was also disqualified from any further participation in the Settlement Program.

Mr. Andry appealed the case-specific sanctions order, which was affirmed by the Fifth Circuit on June 2, 2016.[6] Mr. Sutton did not appeal.

On July 8, 2015, Special Master Louis Freeh filed the present disciplinary complaints against both Andry and Sutton. Notice of the complaints was served on respondents, and each filed a written response. The disciplinary complaints were referred to the Court's *Ad Hoc* Lawyer Disciplinary Committee. The proceedings were initially delayed to await the outcome of Andry's appeal to the Fifth Circuit. Following affirmance by the Circuit, the respondents were given an opportunity to file supplemental responses to the disciplinary charges. Andry filed two separate

---

[5] MDL 2179, Rec. Doc. 14221
[6] In re Deepwater Horizon, 824 F.3d 571 (5th Cir. 2016).

4

responses.  Sutton filed a single response.  On September 12, 2018, the Committee submitted its confidential report to the *En Banc* Court.

The ABA has published *Standards for Imposing Lawyer Sanctions*.  ABA Standard 5 pertains to violations of duties owed to the public.  Specifically, Standard 5.11 provides that disbarment is generally appropriate when "a lawyer engages in … intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously adversely affects on the lawyer's fitness to practice law."

ABA Standard 6.0 pertains to violations of duties owed to the legal system.  Specifically, Standard 6.1 provides that, absent aggravating or mitigating circumstances, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to a court:

Standard 6.11 provides that disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

Standard 6.12 provides that suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

ABA Standard 9.0 pertains to aggravation and mitigation.  Standard 9.1 provides that "After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose."

Standard 9.22 lists several factors which may be considered in aggravation, including the following which are relevant to this case:

    (a) Dishonest or selfish motive;

    (b) Submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

    (c) Refusal to acknowledge wrongful nature of conduct;

    (d) Substantial experience in the practice of law.

Standard 9.3 lists several mitigating factors, only two of which are relevant to this case:

    (a) Absence of a prior disciplinary record;

    (b) Imposition of other penalties or sanctions.

There is clear and convincing evidence before the *En Banc* Court that Jonathan Andry and Lionel Sutton have engaged in misconduct that violates the Louisiana Rules of Professional Conduct. This misconduct warrants discipline under the applicable ABA Standards. There are both aggravating and mitigating circumstances for the Court to consider. The aggravating circumstances involve a dishonest or selfish motive, making false statements, actual injury to the integrity of the Court and the legal system, and substantial experience in the practice of law.[7] The mitigating circumstances include absence of a prior disciplinary record and the previous imposition of significant case-specific sanctions which were affirmed by the Fifth Circuit.

This matter has been thoroughly investigated. The parties were afforded an evidentiary hearing wherein the proper standard of proof was applied. Lionel Sutton appeared at the hearing and testified in his own behalf. Jonathan Andry appeared at the hearing, was offered an opportunity to testify, but declined to testify although he had previously submitted to a sworn

---

[7] Sutton and Andry were admitted to the bar in Louisiana in 1990.

statement by the Special Master. Judge Barbier made specific findings based on the evidence elicited at the hearing. Those findings were appealed and affirmed by the Fifth Circuit Court of Appeals. In view of the investigation, hearing, findings, and appeal of the issues presented herein, the *En Banc* Court finds that another hearing is neither necessary nor warranted.[8]

The only remaining question for the *En Banc* Court is what discipline should be imposed. Considering the entire record in this matter, and by a unanimous vote of the Judges of the Court,[9]

IT IS ORDERED that Attorney-Respondent Lionel Howard Sutton, III is hereby suspended from the practice of law before the United States District Court in the Eastern District of Louisiana for a period of twelve months, effective immediately.

IT IS FURTHER ORDERED that Jonathan B. Andry is hereby suspended from the practice of law before the United States District Court for the Eastern District of Louisiana for a period of twelve months, effective immediately.

IT IS FURTHER ORDERED that this record will be made public by the clerk in accordance with Rule 10.1.2 of the Rules of Lawyer Disciplinary Enforcement.

New Orleans, Louisiana, this 24th day of October, 2018.

NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
FOR THE EN BANC COURT

---

[8] Pursuant to E.D.LA Rules for Lawyer Disciplinary Enforcement, Rule 6.3.4, in these circumstances the *En Banc* Court may "take such other action as the court deems appropriate."

[9] Judge Zainey recused as to Misc. No. 15-2478

Mr. Michael McConnell, Clerk
United States District Court
Middle District of Louisiana
777 Florida St., Ste. 139
Baton Rouge, LA   70801

